IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK CRAMER,** | : | Civil No. 1:07-CV-0496 |
| Petitioner | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **SUPERINTENDENT OF SCI** | : | |
| **HUNTINGTON, et al.,** | : | |
| Respondents | : | |

## MEMORANDUM

Before the Court is Petitioner Derrick Cramer's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) For the reasons discussed below, the petition will be denied and dismissed as untimely filed.

**I.   BACKGROUND**

   **A.   State court proceedings**

Petitioner is currently incarcerated in the State Correctional Institution at Huntington in Huntington, Pennsylvania, where he is serving a life sentence for first degree murder. (Doc. No. 1, at 1.) Petitioner was convicted of this crime on May 9, 2003, in the Court of Common Pleas of York County. (Id.; Doc. No. 10, at 1.) Petitioner filed a timely direct appeal to the Superior Court of Pennsylvania, which affirmed his conviction and sentence on March 16, 2004. (Doc. No. 1, at 2.) Petitioner then appealed to the Pennsylvania Supreme Court, and this appeal was denied on August 12, 2004. (Doc. No. 1, at 2; Doc. No. 10, at 1.)

On February 8, 2005, after his conviction and sentence were upheld on direct appeal, Petitioner filed a petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9545. (Doc. No. 1, at 2.) The petition was denied on June 13, 2005. (Id.) Petitioner filed an appeal to the superior court, which was denied on March

29, 2006.  (Id.)  On August 30, 2006 – approximately five months after the superior court issued its decision – Petitioner filed a petition for allowance of appeal to the Pennsylvania Supreme Court.  (Id.)  This request was denied on December 15, 2006.  (Id.)

### B. Current proceeding

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 16, 2007.  (Doc. No. 1.)  Upon preliminary review, it appeared that consideration of Petitioner's § 2254 petition may be barred by the relevant one-year statute of limitations.  See 28 U.S.C. § 2244(d)(1).  The Court *sua sponte* raised this question in its order directing service of the petition upon Respondents and providing deadlines for the Respondents' response and Petitioner's traverse.  (Doc. No. 6); see United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005) (en banc) (holding that a district court may *sua sponte* raise the statute of limitations so long as habeas petitioner is given notice and afforded an opportunity to respond to the limitations issue).  Respondents filed an "Answer and Motion in Opposition," in which they argued that Petitioner's § 2254 petition was untimely.  (Doc. No. 10.)[1]  Petitioner filed a traverse in which he primarily argued that his § 2254 petition was timely because the statute of limitations was tolled from February 8, 2005, through December 15, 2006, the time period during which Petitioner pursued his first PCRA petition.  (Doc. No. 9.)[2]

## II. DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into

---

[1] This document was also docketed as a motion to dismiss.  (Doc. No. 11.)

[2] Petitioner filed a second PCRA petition on February 16, 2007 (Doc. No. 1, at 2), but the procedural history of this petition is not relevant to the Court's determination of whether Petitioner's § 2254 petition is time-barred.

law on April 24, 1996, amended 28 U.S.C. § 2244 to provide, in pertinent part:

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).[3] The effect of this provision is to create a statute of limitations for federal defendants who attempt to collaterally attack their conviction and/or sentence. Id.; see Kapral v. United States, 166 F.3d 565, 567 (3d Cir. 1999) (discussing limitations provision contained in § 2255, which is nearly identical to § 2244(d)(1)). AEDPA's statute of limitations period is not jurisdictional in nature; rather, it constitutes an affirmative defense that the government may waive. See Bendolph, 409 F.3d at 160 (§ 2255 proceeding). A court may *sua sponte* raise the issue of whether a claim is time-barred, but in doing so, must provide the Petitioner with notice and opportunity to be heard, id. at 166-67, as the Court did here.

---

[3] The Court's discussion will focus on subsection (A), as the three other possible triggering events for the running of the one-year limitations period contained in § 2244(d)(1) do not apply to this case.

As noted, Petitioner was convicted and sentenced of first degree murder on May 9, 2003. (Doc. No. 1, at 1.) Petitioner timely appealed his conviction and sentence to the Pennsylvania Superior Court, which affirmed the trial court, and then he filed a timely petition for allowance of appeal to the Pennsylvania Supreme Court. (Id. at 1-2; Doc. No. 10, at 1.) The Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal by order dated August 12, 2004. (Doc. No. 1, at 2; Doc. No. 10, at 1.) Petitioner's conviction and sentence became final on the date on which the time expired for filing a timely petition for writ of certiorari to the Supreme Court, November 11, 2004. See Supreme Court Rule 13(1) ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it if filed with the Clerk within 90 days after entry of the order denying discretionary review."); see also 42 Pa. Cons. Stat. § 9545(b)(3) (for purposes of PCRA, judgment of sentence becomes final at conclusion of direct review, including discretionary review in the United States Supreme Court and Pennsylvania Supreme Court, or at expiration of time for seeking review). Thus, the one-year period for the statute of limitations commenced running on November 11, 2004.

The Court's analysis does not end here, however, because § 2244(d)(2) tolls the running of the statute of limitations with respect to the period of "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Thus, the statute was tolled on February 8, 2005, when Petitioner filed his first PCRA petition. The statute of limitations had run, however, from November 11, 2004, until February 8, 2005, meaning that approximately 88 days of the one-year statute of limitations had elapsed prior to Petitioner's first PCRA filing.

Petitioner argues that the statute remained tolled until "[t]he first PCRA appeal stage ended on December 15, 2006, when the Petition for Allowance of Appeal [to the Pennsylvania Supreme Court] was denied" (Doc. No. 9, at 1); however, the Court finds that the statute remained tolled only until March 29, 2006, the date on which the superior court denied Petitioner's request for post-conviction relief.  Section 2244(d)(1) tolls the statute of limitations only while a "properly filed application" for post-conviction relief is pending before the state court, 28 U.S.C. § 2244(d)(2); an untimely filing is not "properly filed" for the purpose of tolling the limitations period.  See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (untimely post-conviction relief petition does not toll the AEDPA statute of limitations); see also Merritt v. Blaine, 326 F.3d 157, 167-68 (3d Cir. 2003) (untimely Pennsylvania PCRA petition "was not 'properly filed' for purposes of AEDPA").  Petitioner filed his petition for allowance of appeal to the Pennsylvania Supreme Court on August 30, 2006, nearly five months after the superior court issued its decision on his PCRA claims, and nearly four months after the expiration of the time period for filing a petition for allowance of appeal to the state supreme court.  See Pa. R. App. P. 1113 (providing generally that a petition for allowance of appeal must be filed within thirty days of the order that is to be reviewed).  Petitioner does not have the benefit of a tolled statute of limitations period while his untimely filed petition for allowance of appeal was pending; rather, the limitations period recommenced on March 29, 2006.

As of March 29, 2006, Petitioner had approximately 277 days of the one-year limitation period remaining (365 days less the 88 days that elapsed after his sentence and conviction were final, but before his first PCRA petition was filed), meaning that Petitioner had until about early January 2007 to submit a timely § 2254 petition.  The instant petition was not filed until March

16, 2007.  Accordingly, the Court finds as a matter of law that Petitioner's § 2254 petition is barred by the applicable one-year statute of limitations and must, therefore, be denied.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DERRICK CRAMER,** | : | Civil No. 1:07-CV-0496 |
| Petitioner | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **SUPERINTENDENT OF SCI** | : | |
| **HUNTINGTON, et al.,** | : | |
| Respondents | : | |

# ORDER

**AND NOW**, this 21st day of May, 2007, upon due consideration and for the reasons set forth in the within memorandum, **IT IS HEREBY ORDERED THAT**:

1. Petitioner Derrick Cramer's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DENIED**. The motion is dismissed as being time-barred by the relevant statute of limitations.

2. The Clerk of Court is directed to **TERMINATE** Respondents' motion to dismiss. (Doc. No. 11.)

3. The Clerk of Court is directed to **CLOSE** the case file.

    S/ Yvette Kane
    Yvette Kane, Chief Judge
    United States District Court
    Middle District of Pennsylvania