IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK CRAMER,** | : | CIVIL NO. 1:CV-07-0496 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **SECRETARY DEPARTMENT OF** | : | |
| **CORRECTIONS, <u>et al.</u>,** | : | |
| Respondents | : | |

**<u>MEMORANDUM</u>**

**I.     Background**

Derrick Cramer, an inmate confined at the State Correctional Institution at Huntingdon, Pennsylvania, filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on March 16, 2007. In the petition he challenges his York County, Pennsylvania conviction of first-degree murder on May 9, 2003. Following the filing of the instant petition, this Court raised the statute of limitations issue <u>sua</u> <u>sponte</u> and directed the parties to address whether the petition was timely under 28 U.S.C. § 2244(d)(1). (Doc. No. 6.) After reviewing the parties' submissions, the Court issued a Memorandum and Order on May 21, 2001 denying the habeas petition as untimely. (Doc. No. 12.) Cramer thereafter appealed to the Third Circuit Court of Appeals. Counsel was appointed and briefing of the timeliness issue was directed. While the Third Circuit Court agreed that statutory tolling was not supported by the record, this Court's Memorandum and Order dismissing Cramer's habeas petition as time-barred was vacated, and the matter remanded to this Court on May 18, 2011, to consider whether Cramer is entitled to equitable tolling. (Doc. No. 25.) Also pending before this Court is Cramer's recent request for the appointment of counsel in this action. (Doc. No. 24.) For the reasons that follow, the motion for counsel will be denied without prejudice, and the parties directed to brief the issue of equitable tolling.

**II.     Discussion**

In the pending motion, Cramer bases his request for the appointment of counsel on his belief that the Third Circuit Court of Appeals remanded the case to this Court for the purpose of conducting an evidentiary hearing on the issue of equitable tolling.  He claims that counsel will be required because the hearing will involve the development of a factual record and complicated legal principles will be involved.  He further maintains that he has limited access to legal resources.  As such, the appointment of counsel will ensure that necessary filings will be adequately researched and properly developed.  (Doc. No. 24 at 2.)

There is no Sixth Amendment right to appointment of counsel in habeas corpus proceedings.  See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555 (1989)("[T]he right to appointed counsel extends to the first appeal of right, and no further.").  "There is no 'automatic' constitutional right to counsel in a federal habeas corpus proceeding."  Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991) (superseded on other grounds by statute, 28 U.S.C. § 2254(d)).  Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required.  See Rule 8(c) of the Rules Governing Section 2254 Cases; 18 U.S.C. § 3006A(a)(2)(B).  Otherwise, a court may exercise its discretion in appointment counsel to represent a habeas petitioner if it "determines that the interests of justice so require" and that the petitioner is financially unable to obtain adequate representation.  18 U.S.C. § 3006A(a)(2)(B).

The exercise of discretion in this area is guided, however, by certain basic principles. The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the petitioner's case has some arguable merit in fact

and law. Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). Factors influencing a court's decision on a request for appointment of counsel include the complexity of the factual and legal issues in a case, as well as the petitioner's ability to present these claims. Reese, 946 F.2d at 264-65. Thus, where the issues in a habeas petition are straightforward and capable of resolution on the record, or where the petitioner demonstrates a good understanding of the issues and displays the ability to forcefully and coherently present contentions, appointment of counsel is unnecessary. Id.

In this case, there appear to be no circumstances that warrant the appointment of counsel at this time. The court's liberal construction of pro se pleadings, e.g., Haines v. Kerner, 404 U.S. 519, 520-21 (1972), coupled with Cramer's apparent ability to litigate this action pro se, militate against the appointment of counsel. First, the Third Circuit Court of Appeals did not direct this Court to conduct an evidentiary hearing following remand in this matter. Rather, this Court was directed to consider in the first instance whether Cramer is entitled to equitable tolling. It is certainly possible that this issue can be resolved following briefing. The legal issue is very narrow and relatively simple. Cramer appears capable of litigating this matter on his own at this time, and he has the benefit of the proceedings that took place in his appeal before the Third Circuit. He has also filed well-pled documents and motions in this action so far. For these reasons, his pending motion for counsel will be denied without prejudice. In the event the Court determines that a hearing is necessary or that further proceedings demonstrate the need for the appointment of counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by Cramer. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DERRICK CRAMER,** | : | CIVIL NO. 1:CV-07-0496 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **SECRETARY DEPARTMENT OF** | : | |
| **CORRECTIONS, et al.,** | : | |
| Respondents | : | |

### ORDER

**AND NOW**, on this 6th day of June 2011, for the reasons set forth above, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's motion for counsel (Doc. No. 23) is **denied without prejudice**.

2. Within twenty days from the date of this order, in accordance with the mandate from the Third Circuit Court of Appeals, Petitioner shall file a memorandum setting forth his arguments in support of equitable tolling in this matter.

3. Within fourteen days of the filing of Petitioner's memorandum, Respondents shall file a response thereto.

4. Petitioner may file a reply brief within fourteen days of the filing of Respondents' response.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania